FILED & JUDGMENT ENTERED
David E. Weich

Apr 04 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | Case No. 04-32479 |
| ) | Chapter 7 |
| **KENNETH A. DESIO** ) | |
| **LORI A. DESIO,** ) | |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION
OR VACATION OF ORDER DETERMINING CLAIM**

This matter is before the court on the Motion For Reconsideration Of And/Or To Vacate Or Revoke Order Determining Claim Of Secured Creditor For Purpose of Bankruptcy Case of creditor JP Morgan Chase (hereinafter "Chase"). Chase was given ample notice of the motion that gave rise to the court's Order and participated in the matter, although not in a meaningful manner. Chase's motion to reconsider or vacate the Order offers nothing new, but rather seeks to offer after-the-fact what could and should have been offered at the prior hearing. The court believes that the prior Order fairly determines this matter

and has concluded that Chase should be bound by the Order and declines to reconsider or vacate the Order.

**BACKGROUND**

1. Chase is a creditor of the debtors on a Note secured by a deed of trust on the debtors' residence.

2. The debtors filed a Chapter 13 bankruptcy case which was later converted to a Chapter 7 liquidation case, and R. Keith Johnson was appointed Chapter 7 Trustee.

3. During the course of the proceedings, Chase filed a Motion for Relief from Stay seeking to foreclose on its security. In that motion, Chase stated that the value of the residence was approximately $410,000.

4. Pursuant to a Consent Order between Chase and the Trustee, the Trustee was permitted to attempt to sell the debtors' residence. On November 15, 2005, the Trustee filed a Motion to Sell Property seeking approval of a contract to sell the residence. The Trustee estimated the balance owed to Chase to be $410,000. That figure was based on the figures contained in Chase's Motion for Relief from Stay.

5. On December 5, 2005, Chase filed a "Response or Conditional Non-Opposition to the Trustee's Motion to Approve Sale of real Property." Chase stated that it did not oppose the sale so long as its lien was satisfied in full. But, Chase did

2

not state the amount of its payoff; nor did it object to the Trustee's estimate.

6. On December 21, 2005, the court entered orders approving the Trustee's motion and sale of the residence.

7. Thereafter, Chase submitted a payoff figure to the Trustee that was significantly higher than the amount estimated by the Trustee. The Trustee attempted to contact Chase to obtain a breakdown of the claim. When that breakdown was produced, it contained items the Trustee believed to be improper. Consequently, on January 26, 2006, the Trustee filed a Motion to Determine Claim and properly served it on Chase. Chase filed a written Response on February 13, and the court conducted a hearing on the matter on February 16, 2006.

### **Conclusions**

8. The fatal fact for Chase is that it filed payoff information with the court that it now contends was inaccurate, then after notice of the Trustee's reliance on it, withheld its alleged actual payoff information until after the Trustee and the court had acted. Chase was on notice of all of the proceedings and withheld the information it now seeks to ask the court to consider. The court has concluded that it would unfairly prejudice creditors now to allow Chase to revisit the matter.

9. Chase's failure is compounded by the fact that its belated alleged payoff appears to contain significant charges that are improper. Chase failed to participate in the matter in a meaningful way. It chose to participate in the final hearing by local counsel, but failed to arm its counsel with information sufficient to participate in the hearing (Chase simply sent its counsel the night before the hearing the same bare figures it had sent the Trustee). Therefore, the court could not determine Chase's claim from the information it supplied — although it was clear that Chase's claim was significantly inflated by improper charges. The Trustee and the court attempted to determine the amount of Chase's claim fairly and the court believes that the Order Determining Claim established a fair determination under the circumstances of Chase's meaningful non-participation.

10. Chase's due process argument has no merit. It was notified of all proceedings, given an opportunity to participate, and did not participate. The outcome that it seeks to revisit is a result of Chase's own actions and omissions.

11. Likewise, all of Chase's other substantive arguments must fail for the same reason. The court's determination of Chase's claim is based on information supplied by Chase (and now claimed to be inaccurate) and by Chase's subsequent failure to participate in the matter in a meaningful way.

12. The court has concluded that the Order Determining Claim is fair and should not be reconsidered or vacated.

It is therefore **ORDERED** that the Motion for Reconsideration of and/or to Vacate or Revoke Order Determining Claim of Secured Creditor for Purpose of Bankruptcy Case is DENIED. The court will not conduct a hearing on Chase's Motion for Reconsideration on Wednesday, April 5, 2006.

**This Order has been signed electronically.    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.**